UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| In re | Chapter 11 | **NOTICE OF DEBTORS' MOTION AND APPLICATION FOR AN ORDER AUTHORIZING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)** |
| Medford Development Corp. | Case No.: 8-14-75666-ast | |
| Debtor. | | |

-----------------------------------------------------------x

Motor Parkway Enterprises Inc.

          Debtor.

Chapter 11

Case No.: 8-14-75667-ast

-----------------------------------------------------------x

Airport Development Corp.

          Debtor.

Chapter 11

Case No.: 8-14-75683-ast

-----------------------------------------------------------x

Wheeler Development LLC

          Debtor.

Chapter 11

Case No.: 8-14-75668-ast

-----------------------------------------------------------x

Smithtown Development Corp.

          Debtor.

Chapter 11

Case No.: 8-14-75669-ast

-----------------------------------------------------------x

Brentwood Development Corp.

          Debtor.

Chapter 11

Case No.: 8-14-75670-ast

-----------------------------------------------------------x

Holbrook Development Corp.

          Debtor.

Chapter 11

Case No.: 8-14-75671-ast

-----------------------------------------------------------x

----------------------------------------------------x

Carman Development Corp.

                Debtor.

Chapter 11

Case No.: 8-14-75672-ast

----------------------------------------------------x

Maple Avenue Hauppauge Dev. Corp.

                Debtor.

Chapter 11

Case No.: 8-14-75674-ast

----------------------------------------------------x

Port Jefferson Development Corp.

                Debtor.

Chapter 11

Case No.: 8-14-75675-ast

----------------------------------------------------x

Ronkonkoma Development Corp.

                Debtor.

Chapter 11

Case No.: 8-14-75676-ast

----------------------------------------------------x

Islandia Development Corp.

                Debtor.

Chapter 11

Case No.: 8-14-75677-ast

----------------------------------------------------x

Oceanside Enterprises Inc.

                Debtor.

Chapter 11

Case No.: 8-14-75678-ast

----------------------------------------------------x

Islip Development Corp.

                Debtor.

Chapter 11

Case No.: 8-14-75679-ast

----------------------------------------------------x

Westbury Enterprises Inc.

                Debtor.

Chapter 11

Case No.: 8-14-75680-ast

----------------------------------------------------x

**NOTICE OF MOTION OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)**

**PLEASE TAKE NOTICE**, that Medford Development Corp. ("Medford"), Motor Parkway Enterprises Inc. ("Motor Parkway"), Airport Development Corp. ("Airport"), Wheeler Development Corp. ("Wheeler"), Smithtown Development Corp. ("Smithtown"), Brentwood Development Corp. ("Brentwood"), Holbrook Development Corp. ("Holbrook"), Carman Development Corp. ("Carman"), Maple Avenue Hauppauge Dev. Corp. ("Maple Avenue"), Port Jefferson Development Corp. ("Port Jefferson"), Ronkonkoma Development Corp. ("Ronkonkoma"), Islandia Development Corp. ("Islandia"), Oceanside Enterprises Inc. ("Oceanside"), Islip Development Corp. ("Islip"), and Westbury Enterprises Inc. ("Westbury"), and collectively, "Debtors"), the debtors and debtors-in-possession in the above captioned Chapter 11 cases, by their attorneys, Macco & Stern, LLP, shall move before the Honorable Alan S. Trust, United States Bankruptcy Judge, Eastern District of New York, at the Courthouse located at 290 Federal Plaza, Central Islip, New York, Room 960, on February 25, 2015 at 10:00 a.m. or as soon thereafter as counsel may be heard, for entry of an order providing for joint administration of the Debtors' separate Chapter 11 cases for procedural purposes only.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief sought in the motion must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, as modified by any administrative orders entered in this case, and be filed with the Bankruptcy Court electronically in accordance with General Order #462, be registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, Microsoft Word DOS text (ASCII) or a scanned image of the filing, with a hard copy delivered directly to Chambers,

and may be served in accordance with General Order #462, and upon (i) counsel to the Debtor, Macco & Stern, LLP, 135 Pinelawn Road, Suite 120 South, New York 11747; and (ii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, to the attention of Alfred M. Dimino, Esq., so as to be received by no later than 4:00 p.m. on February 18, 2015.

**PLEASE TAKE FURTHER NOTICE**, that only those objections that have been timely filed may be considered by the Court.

Dated: Melville, New York
December 30, 2014

MACCO & STERN, LLP
Attorneys for Debtors

By: _____
Michael J. Macco
135 Pinelawn Road, Suite 120 South
Melville, New York 11747
(631) 549-7900

DEBTORS' APPLICATION FOR ORDER AUTHORIZING
JOINT ADMINISTRATION PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 1015(b)

**TO:** The Honorable Alan S. Trust
United States Bankruptcy Judge

Medford Development Corp. ("Medford"), Motor Parkway Enterprises Inc. ("Motor Parkway"), Airport Development Corp. ("Airport"), Wheeler Development Corp. ("Wheeler"), Smithtown Development Corp. ("Smithtown"), Brentwood Development Corp. ("Brentwood"), Holbrook Development Corp. ("Holbrook"), Carman Development Corp. ("Carman"), Maple Avenue Hauppauge Dev. Corp. ("Maple Avenue"), Port Jefferson Development Corp. ("Port Jefferson"), Ronkonkoma Development Corp. ("Ronkonkoma"), Islandia Development Corp. ("Islandia"), Oceanside Enterprises Inc. ("Oceanside"), Islip Development Corp. ("Islip"), and Westbury Enterprises Inc. ("Westbury"), and collectively, "Debtors"), the debtors and debtors-in-possession in the above captioned Chapter 11 cases, by their attorneys, Macco & Stern, LLP, respectively represent:

## SUMMARY OF RELIEF SOUGHT

1.  By this application, the Debtors seek the entry of an order of this Court pursuant to Bankruptcy Rule 1015(b), seeking joint administration of the Debtors Chapter 11 cases.

## PROCEDURAL HISTORY

2.  Debtors Medford Development Corp., Motor Parkway Enterprises Inc., Airport Development Corp., Wheeler Development LLC, Smithtown Development Corp., Brentwood Development Corp., Holbrook Development Corp., Carman Development Corp., Maple Avenue Hauppauge Dev. Corp., Port Jefferson Development Corp., Ronkonkoma Development Corp.,

Islandia Development Corp., Oceanside Enterprises Inc., Islip Development Corp. and Westbury Enterprises Inc. filed their voluntary Chapter 11 petitions on December 24, 2014.

3. The Debtors intend to continue in possession of their respective properties and the management of their respective business as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. As of the date of this application, the Office of the United States Trustee ("UST") has not yet appointed an official committee of unsecured creditors in any of the Debtors' cases.

## BACKGROUND

5. Debtor Medford is a New York Corporation, with its principal place of business located at 286 Express Drive South, Medford, New York 11763. Medford operates a gas station. Medford's sales revenues are derived from the direct selling of gasoline.

6. Debtor Motor Parkway is a New York Corporation, with its principal place of business located at 260 Motor Parkway, Brentwood, New York 11717. Motor Parkway operates a gas station. Motor Parkway's sales revenues are derived from the direct selling of gasoline.

7. Debtor Airport is a New York Corporation, with its principal place of business located at 133-44 150th Street, Jamaica, NY 11436. Airport operates a gas station. Airport's sales revenues are derived from the direct selling of gasoline.

8. Debtor Wheeler is a New York Corporation, with its principal place of business located at 410 Wheeler Road, Hauppauge, New York 11788. Wheeler operates a gas station. Wheeler's sales revenues are derived from the direct selling of gasoline.

9. Debtor Smithtown is a New York Corporation, with its principal place of business located at 819 W. Jericho Turnpike, Smithtown, New York 11787. Smithtown operates a gas station. Smithtown's sales revenues are derived from the direct selling of gasoline.

10. Brentwood is a New York Corporation, with its principal place of business located at 525 Wicks Road, Brentwood, New York 11717. Brentwood operates a gas station. Brentwood's sales revenues are derived from the direct selling of gasoline.

11. Debtor Holbrook is a New York Corporation, with its principal place of business located at 5665 Sunrise Highway, Holbrook, New York 11741. Holbrook operates a gas station. Holbrook's sales revenues are derived from the direct selling of gasoline.

12. Debtor Carman is a New York Corporation, with its principal place of business located at 865 Carman Avenue, Westbury, New York 11590. Carman operates a gas station. Carman's sales revenues are derived from the direct selling of gasoline.

13. Debtor Maple Avenue is a New York Corporation, with its principal place of business located at 303 Maple Avenue, Smithtown, New York 11787. Maple Avenue operates a gas station. Maple Avenue's sales revenues are derived from the direct selling of gasoline.

14. Debtor Port Jefferson is a New York Corporation, with its principal place of business located at 315 Patchogue Road, Port Jefferson, New York 11779. Port Jefferson operates a gas station. Port Jefferson's sales revenues are derived from the direct selling of gasoline.

15. Debtor Ronkonkoma New York Corporation, with its principal place of business located at 4560 Expressway Drive South, Ronkonkoma, NY 11779. Ronkonkoma operates a gas station. Ronkonkoma's sales revenues are derived from the direct selling of gasoline.

16. Debtor Islandia is a New York Corporation, with its principal place of business located at 1395 Veterans Memorial Highway, Islandia, New York 11788. Islandia operates a gas station. Islandia's sales revenues are derived from the direct selling of gasoline.

17. Debtor Oceanside is a New York Corporation, with its principal place of business located at 2962 Long Beach Road, Oceanside, New York 11572. Oceanside operates a gas station. Oceanside's sales revenues are derived from the direct selling of gasoline.

18. Debtor Islip is a New York Corporation, with its principal place of business located at 3239 Sunrise Highway, Islip Terrace, New York 11752. Islip operates a gas station. Islip's sales revenues are derived from the direct selling of gasoline.

19. Debtor Westbury is a New York Corporation, with its principal place of business located at 864 Carman Avenue, Westbury, New York 11590. Westbury operates a gas station. Westbury's sales revenues are derived from the direct selling of gasoline.

20. All of the aforementioned gas stations lease their premises from third parties except for Carman, which also owns the real property that it operates on.

21. Virtually all of the stations also run small convenience stores at their respective locations.

22. All of the businesses are 100% owned by Steve Keshtgar.

### EVENTS LEADING UP TO CHAPTER 11 BANKRUPTCY

23. Steve Keshtgar has operated the 15 affiliated entities as well as several others for many years and had no financial issues until March or April of 1012.

24. The aforementioned Debtors had a line of credit with New York Community Bank which he utilized to continue purchasing new gas station businesses. Prior to the beginning of 2012, he would use the line of credit to purchase new businesses and then, after opening a business, convert the line of credit into permanent financing with New York Community Bank. Once converted to a term loan, the line of credit was historically replenished. In March or April 2012, Mr. Keshtgar purchased three locations. However, the bank changed its lending

requirements and did not convert these three purchases into a term loan nor did New York Community Bank replenish the line of credit. Further, starting in 2012, the price of gas increased significantly and the supply companies required greater deposits which the debtors did not have since they had additional debt and no line of credit. Furthermore, when the bank changed their lending transactions, the bank started charging transactional expenses of $3,000-6,000 per day which increased the debtors' liability to New York Community Bank of approximately $1.2 million dollars in fees over the last 2.5 years. At the present time, New York Community Bank is owed $6.6 million dollars. Lastly, the debtors' business has never recovered from Hurricane Sandy. It takes approximately $40,000 a day to operate all the gas stations, including some non-filing gas stations and operations were basically closed for seven weeks due to the lack of gas supplies.

25.     Upon information and belief, on or about December 15, 2014, New York Community Bank swept all of the bank accounts of the entities leaving the debtors unable to purchase new gasoline supplies who were paid on a COD basis. On December 17th, seven (7) days prior to the filing of bankruptcy, all the gas stations ran out of gas. Cumberland, the gas supplier on 10 of the 15 debtors, would not deliver gas unless paid on a COD basis. Once the bank depleted the bank accounts, the debtors were unable to purchase gas.

26.     The debtor entered into a security agreement with a family member on December 19, 2014 to purchase gas on a COD basis and continue to operate Motor Parkway, Holbrook, Port Jefferson and Carman. These stations are not leased from Cumberland. Sunoco continues to deliver gas on credit to the Maple Avenue location. The remaining ten (10) stations with Cumberland are not presently pumping gas.

27. Historically, the debtors have operated as one entity with all revenue being deposited into a company known as Marketing Inc. of Islandia. This is the management account for all of the debtors' operations and the main bank account utilized by the bank to sweep the account for payment. Office employees of Marketing Inc. of Islandia regularly reconcile monies for each entity.

28. Prior to filing for bankruptcy, the debtors had determined a new business plan. They determined not to file bankruptcy for nine (9) locations in Patchogue, Bohemia, Northport, Coram, Huntington, Centereach, Hauppauge, Valley Stream and Lake Ronkonkoma and anticipate these nine (9) locations to be returned to the landlords/gas suppliers. The debtors have also entered into contracts in December, 2014 to sell the three (3) gas stations in which the real property is owned. At the present time, only one of the real estate holding companies has filed for bankruptcy, that being Carman Development Corp., who is also the operating company. Furthermore, the debtor anticipates selling, either via a private sale or auction, four (4) of the locations that filed for Chapter 11 in the first four (4) months of 2015. Therefore, the debtor gas station companies, which started as 24 locations will end up with seven (7) gas stations.

29. The debtors creditor body consists of secured debt in the approximate sum of $6.6 million dollars owed to New York Community Bank; liabilities to the gas supplier Cumberland Farms in the approximate sum of $1.95 million dollars; past due New York State sales tax liability of approximately $950,000; and various small unsecured debt that does not exceed $200,000.

## BASIS FOR RELIEF REQUESTED

30. Bankruptcy Rules 1015(b) provides that, if two or more petitions are pending in the same court by or against any debtor and an affiliate, the court may order joint administration

of the estates of such debtors and its affiliates. Debtors are affiliates of each other as that terms is defined in Bankruptcy Code § 101(2) and as that terms is used in Bankruptcy Rule 1015(b).

31. In light of the multiple financial and operational relationships among Debtors, joint administration of Debtors' cases is appropriate. Moreover, joint administration of Debtors' Chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and will further the interests of judicial economy and administrative expediency. As most, if not all, pleadings to be filed in these cases will likely affect each debtor's case, joint administration will permit Debtors, as well as other parties, to combine notices to creditors and other parties in interest of Debtors' respective estates. Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 cases will be apprised of the various matters before the Court in each case.

32. Similar relief to that requested herein in customarily granted by courts in this district. *See, e.g., In re Brooklyn Hospital Center,* Case No. 05-26900-cec (Bankr. E.D.N.Y. Sept. 30, 2005); *In re Victory Memorial Hospital, et al.,* Case No. 06-44387-cec (Bankr. E.D.N.Y. Nov. 15, 2006).

33. The rights of Debtors' respective creditors in each of the separate Chapter 11 cases will not be adversely affected by joint administration of these cases insofar as the relief sought herein is sought purely for procedural purposes only and is no way intended to affect substantive rights. *See, e.g., In re I.R.C., Inc.* 105 B.R. 237, 238 (Bankr. S.D.N.Y. 1989) (joint administration promotes administrative convenience without affecting substantive rights); *In re Stiery,* 94 B.R. 553, 554 (Bankr. N.D. Ind. 1988) (joint administration promotes "desire for administrative efficiency . . . without altering the substantive rights of the parties"); *In re Parkway Calabasas Ltd.,* 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("the purpose of joint

administration is to make case administration easier and less expensive than in separate cases, without affective the substantive rights of creditors . . .") *aff'd.* 949 F.2d 1058 (9th Cir. 1991).

34.    To the extent that proofs of claim are required to be filed, each creditors shall be entitled to file a claim against the particular estate that owes it money. *Sturey*, 94 at 553-54 (estates of each debtor remain separate); *Parkway Calabasas,* 89 B.R. at 836 (debtors' assets and liabilities are not merged; creditors look to separate debtor for payment). In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court shall also be relieved of the burden of enforcing duplicative orders and maintaining duplicative files. Finally, supervision of administration aspects of the Chapter 11 cases by the Court as well as the Office of the United States Trustee shall be simplified.

35.    Debtors did not seek substantive consolidation by this Motion. Each creditor and other party in interest shall maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

36.    In furtherance of the foregoing, Debtors respectfully request that the official caption to be used by all parties in pleadings in the jointly administered cases be as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| In re | Chapter 11 |
|---|---|
| Medford Development Corp. | Case No.: 8-14-75666-ast |
| Motor Parkway Enterprises Inc. | Case No.: 8-14-75667-ast |
| Airport Development Corp. | Case No.: 8-14-75683-ast |
| Wheeler Development LLC | Case No.: 8-14-75668-ast |
| Smithtown Development Corp. | Case No.: 8-14-75669-ast |
| Brentwood Development Corp. | Case No.: 8-14-75670-ast |
| Holbrook Development Corp. | Case No.: 8-14-75671-ast |
| Carman Development Corp. | Case No.: 8-14-75672-ast |
| Maple Avenue Hauppauge Dev. Corp. | Case No.: 8-14-75674-ast |

| | |
|---|---|
| Port Jefferson Development Corp. | Case No.: 8-14-75675-ast |
| Ronkonkoma Development Corp. | Case No.: 8-14-75676-ast |
| Islandia Development Corp. | Case No.: 8-14-75677-ast |
| Oceanside Enterprises Inc. | Case No.: 8-14-75678-ast |
| Islip Development Corp. | Case No.: 8-14-75679-ast |
| Westbury Enterprises Inc. | Case No.: 8-14-75680-ast |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------x

37. Debtors submit that use of this simplified caption shall make it easier to file papers and ensure uniformity of pleading identification.

38. For all the foregoing reasons, Debtors respectfully request immediate entry of an order providing for the joint administration of Debtors' Chapter 11 cases pursuant to bankruptcy Rule 1015(b).

39. Debtors further request that a docket entry to made in each of the following affiliate cases: Medford, Motor Parkway, Airport, Wheeler, Smithtown, Brentwood, Holbrook, Carman, Maple Avenue, Port Jefferson, Ronkonkoma, Islandia, Oceanside, Islip and Westbury, as follows:

> An Order has been entered in this case directing procedural consolidation and joint administration of this case with the Chapter 11 bankruptcy case of Medford Development Corp., Case No. 8-14-75666-ast. The docket for Medford should be consulted for all matters affecting this case.

40. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, Debtors respectfully request that the proposed Order annexed hereto be granted in its entirety, and for such other and further relief as this Court may deem just and proper.

Dated: Melville, New York
December 30, 2014

**MACCO & STERN, LLP**
Attorneys for Debtors

By: _____
Michael J. Macco
135 Pinelawn Road, Suite 120 South
Melville, New York 11747
(631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                    Chapter 11

Medford Development Corp.
                                                         Case No.: 8-14-75666-ast
            Debtor.
-------------------------------------------------------x
                                                         Chapter 11

Motor Parkway Enterprises Inc.
                                                         Case No.: 8-14-75667-ast
            Debtor.
-------------------------------------------------------x
                                                         Chapter 11

Airport Development Corp.
                                                         Case No.: 8-14-75683-ast
            Debtor.
-------------------------------------------------------x
                                                         Chapter 11

Wheeler Development LLC
                                                         Case No.: 8-14-75668-ast
            Debtor.
-------------------------------------------------------x
                                                         Chapter 11

Smithtown Development Corp.
                                                         Case No.: 8-14-75669-ast
            Debtor.
-------------------------------------------------------x
                                                         Chapter 11

Brentwood Development Corp.
                                                         Case No.: 8-14-75670-ast
            Debtor.
-------------------------------------------------------x
                                                         Chapter 11

Holbrook Development Corp.
                                                         Case No.: 8-14-75671-ast
            Debtor.
-------------------------------------------------------x

| | |
|---|---|
| ---------------------------------------------------------x | |
| Carman Development Corp. | Chapter 11 |
| | Case No.: 8-14-75672-ast |
| Debtor. | |
| ---------------------------------------------------------x | |
| Maple Avenue Hauppauge Dev. Corp. | Chapter 11 |
| | Case No.: 8-14-75674-ast |
| Debtor. | |
| ---------------------------------------------------------x | |
| Port Jefferson Development Corp. | Chapter 11 |
| | Case No.: 8-14-75675-ast |
| Debtor. | |
| ---------------------------------------------------------x | |
| Ronkonkoma Development Corp. | Chapter 11 |
| | Case No.: 8-14-75676-ast |
| Debtor. | |
| ---------------------------------------------------------x | |
| Islandia Development Corp. | Chapter 11 |
| | Case No.: 8-14-75677-ast |
| Debtor. | |
| ---------------------------------------------------------x | |
| Oceanside Enterprises Inc. | Chapter 11 |
| | Case No.: 8-14-75678-ast |
| Debtor. | |
| ---------------------------------------------------------x | |
| Islip Development Corp. | Chapter 11 |
| | Case No.: 8-14-75679-ast |
| Debtor. | |
| ---------------------------------------------------------x | |
| Westbury Enterprises Inc. | Chapter 11 |
| | Case No.: 8-14-75680-ast |
| Debtor. | |
| ---------------------------------------------------------x | |

## ORDER DIRECTING JOINT ADMINISTRATION AND
## PROCEDURAL CONSOLIDATION OF CASES

UPON consideration of the motion (the "Motion") of Medford Development Corp., debtors and debotor-in-possession ("Medford") the related debtors (collectively, the "Debtors"), by their proposed attorneys, Macco & Stern, LLP, seeking entry of an Order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") providing for joint administration of Debtors' separate Chapter 11 cases for procedural purposes only; and it appearing that this Court has jurisdiction over this Motion; and it appearing that joint administration and procedural consolidation of these cases will be in the best interests of the Debtors' creditors and estates, and will further economic and efficient administration of these related cases; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases; and it appearing that no other or further notice of the Motion need be provided; and upon the Motion and the proceedings before the Court, and upon due deliberation; and good and sufficient cases having been shown; it is hereby:

**ORDERED,** that the Motion is granted; and it is further

**ORDERED,** that for the reasons set forth in the Motion, the above captioned cases shall be procedurally consolidated and jointly administered by this Court; and it is further

**ORDERED,** that the bankruptcy estate of Medford Development Corp., Case No. 14-75666-ast, shall be designated as the lead case; and it is further

**ORDERED,** that the caption of the jointly administered Chapter 11 cases shall be as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re                                                                    Chapter 11

| | |
|---|---|
| Medford Development Corp. | Case No.: 8-14-75666-ast |
| Motor Parkway Enterprises Inc. | Case No.: 8-14-75667-ast |
| Airport Development Corp. | Case No.: 8-14-75683-ast |
| Wheeler Development LLC | Case No.: 8-14-75668-ast |
| Smithtown Development Corp. | Case No.: 8-14-75669-ast |
| Brentwood Development Corp. | Case No.: 8-14-75670-ast |
| Holbrook Development Corp. | Case No.: 8-14-75671-ast |
| Carman Development Corp. | Case No.: 8-14-75672-ast |
| Maple Avenue Hauppauge Dev. Corp. | Case No.: 8-14-75674-ast |
| Port Jefferson Development Corp. | Case No.: 8-14-75675-ast |
| Ronkonkoma Development Corp. | Case No.: 8-14-75676-ast |
| Islandia Development Corp. | Case No.: 8-14-75677-ast |
| Oceanside Enterprises Inc. | Case No.: 8-14-75678-ast |
| Islip Development Corp. | Case No.: 8-14-75679-ast |
| Westbury Enterprises Inc. | Case No.: 8-14-75680-ast |

                             Debtors.                          (Jointly Administered)
----------------------------------------------------------------x

**ORDERED,** that nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above captioned Chapter 11 cases; and it is further

**ORDERED,** that this Court shall retain jurisdiction over this Order to enforce its terms.